UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH MELINO,

              *Plaintiff*,

            v.                                       9:06-CV-1173
                                                     (GLS/DRH)

STATE OF NEW YORK, et al.,

              *Defendants*.
_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

Anthony J. Colleluori & Associates, PLLC
Attorneys for Plaintiff
68 South Service Road, Suite 100
Melville, NY 11747
(516) 741-3400

Plaintiff Joseph Melino ("Mr. Melino"), moves the Court *in limine* for an order excluding

(1) the name and underlying facts of of Mr. Melino's state criminal convictions in 2003:

1. Grand Larceny
2. Petite Larceny;

and excluding

(2) Evidence of Mr. Melino's federal criminal convictions which are greater than 10 years old:

1. Bank Fraud in 92
2. Mail Fraud in 91
3. Perjury in 91

These evidentiary issues are presented to the Court prior to trial due to the possibility of unfair prejudice to Mr. Melino if the evidence is presented and then ultimately excluded with curative instructions.

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 41 n.4, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984).  A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence. Fed. R. Evid. 104(a).

Federal Rule of Evidence 402 provides that all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

1

less probable than it would be without the evidence. <u>Davis v. Rodriguez</u>, 364 F.3d 424, 436 (2d Cir. 2004).

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In applying Rule 403, "the trial judge has broad discretion to weigh the probative value of the evidence against the negative factors." <u>Li v. Canarozzi</u>, 142 F.3d 83, 88 (2d Cir. 1998). "Because the trial judge sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence, we will not overturn his ruling unless he has acted arbitrarily or irrationally or has otherwise abused his discretion." <u>Id</u>.

### I. EVIDENCE OF THE NAME AND UNDERLYING FACTS OF MR. MELINO'S 2003 STATE CONVICTIONS SHOULD BE EXCLUDED AS HIGHLY PREJUDICIAL

Federal Rule of Evidence 609 provides in relevant part:

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

<u>United States v. Mahler,</u> 579 F.2d 730, 736 (2d Cir. 1978). In balancing the probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the

2

similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing Weinstein's Federal Evidence § 609.04(2)(a), *12 at 609-20 (1987); U.S. v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977)). Paramount among the factors to consider in the balancing analysis is whether the crime, by its nature, is probative of the lack of veracity. U.S. v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1988)).

Here, Mr. Melino's present law suit stems from his 2003 convictions. While Mr. Melino understands that his 2003 convictions are fair game for Defendants' cross-examination, and even impeachment, the underlying acts themselves are neither relevant nor probative. For example, among the things that Mr. Melino will testify to is what occurred to him at Tier III Hearings that are subject of his Due Process and Retaliation claims. The hearings that Mr. Melino is testifying to are recorded, and our case deals with the documentation of said hearings. There are minor differences in the recitation of conversations, however, the resulting actions taken by Hudson officials are a matter of record. Further, Plaintiff Melino admits he wrote the words that are subject of the Hearings and took the actions (note taking) that became the basis of Defendants' allegations at the Tier III Hearings. Hence, the only reason to allow Defendants to question Mr. Melino about the underlying facts of his 2003 convictions would be to inflame the jury. Surely, Defendants are not going to claim that Mr. Melino is lying when he admits to writing the letters to Mr. Richter, nor are they going to argue that Melino is lying when he admits that he wanted to take notes of his conversations with Defendant Miller; nor will they deny that Mr. Melino wrote the notes that he sent to Defendant Miller after the meeting. Introduction of the 2003 convictions' underlying facts will confuse the jury.

The second factor, the remoteness of the crime, is measured from the date of trial. Daniels, 986 F. Supp, at 250 (citing United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968)). Here, the conviction is approximately seven years old from the date that trial is scheduled. At least one court in this Circuit held that a conviction that was under five years old did not diminish the impeachment value of a highly probative conviction. Brundidge v. City of Buffalo, 79 F. Supp. 2d 219, 226 (W.D.N.Y. 1999); see also, Williams v. McCarthy, No. 05-CIV-10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *4 (S.D.N.Y. October 25, 2007) (convictions were approximately two years old and held admissible). However, it seems that when a conviction passes the five year old bar, the facts become too remote in time to be admissible. See Jones v. City of New York, No. 98-CIV-6493 (LBS), 2002 U.S. Dist. LEXIS 2052, at *8 (S.D.N.Y. February 11, 2002) (that a conviction was nine years old weighed against admissibility). Similarly, this Court should find that the remoteness factor should weigh against the admissibility of 2003 conviction's underlying facts. The Plaintiff would acknowledge Defendant's right to ask if he were convicted of a crime and if that crime were a felony. Going into the underlying facts however would unfairly skew the panel and could well result in a decision based not on the facts of this case but based on the facts that surrounded his previous convictions.

Further, the third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. Stephen v. Hanley, 79 Fed. R. Evid. Serv. (Callaghan) 875, at *13 (E.D.N.Y. 2009). The less similar the pending case to the prior conviction, the less prejudicial its admission is. See Hayes, 553 F.2d at 828 (affirming the admission of a conviction that was "substantially different" from the instant case); Daniels, 986 F. Supp. at 250 (plaintiff's conviction bore "no resemblance to the excessive force"

and therefore "weigh[ed] in favor of introducing the [conviction]"). In <u>Hanley</u> cited above the court held that the conviction cannot be considered as "substantially different" or bearing "no resemblance" to the incident at issue in the case because it arose out of the same events giving rise to the plaintiffs' claims. Id. at *14.  Therefore, the court held, the potential for prejudice is high. <u>Id</u>. "[T]he jury could interpret the defendants' actions to be justified or validated based on [plaintiff's] conviction. <u>Id</u>.

Likewise, in the case at bar, Mr. Melino's present lawsuit arose out of his 2003 convictions. These convictions are substantially different to the present lawsuit However they serve as a basis for Mr. Melino's incarceration and hence to this civil case. Therefore, like in <u>Hanley</u>, the potential prejudice of these convictions is high, and the jury might consider that Defendants' actions towards Mr. Melino were justified based on Mr. Melino's convictions.

There is no doubt that the fourth criterion, the importance of creditability of the witness, is paramount here, because the witness is the plaintiff in the case. However, the case at bar is a well documented litigation, where both sides intend to present numerous witnesses. The potential prejudicial effect of the 2003 conviction's underlying facts outweighs its value. Here there is little evidence that Defendant would want to challenge Plaintiff's position on as it acknowledges Defendant's evidence and thus gives the underlying reason Defendants allegedly took the actions they took.

Therefore, the Court should exclude evidence of Mr. Melino's 2003 convictions.

### i.     **The Defendants should be precluded From Using The Nature or Statutory Name of The Offense**

Alternatively, if the Court will allow Defendants to question Mr. Melino on the subject of his 2003 convictions, the Court should limit that questioning to the essential facts of the

5

conviction: the date of the conviction, and the fact that it was a felony offense. The court should exclude the nature or statutory name of the offense, and the sentence imposed.

"When a court finds that the evidence's probative value outweighs its prejudicial effect, the court may admit evidence of the prior conviction for purposes of impeachment. However, in introducing the evidence of the prior conviction, the impeaching party, here, the government, "is generally limited to establishing the bare (or essential) facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." 4 Judge Jack B. Weinstein & Margaret A. Berger, Evidence, § 609.2(2) at p. 609-57 (2d ed. 2008); see United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005).

In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense. United States v. Estrada, 430 F.3d 606, 616 (2d Cir. 2005); United States v. Joe, No. 07-cr-734, 2008 U.S. Dist. LEXIS 55036, at *9-10 (S.D.N.Y. Jul. 21, 2008) (restricting the government to inquire about the date of the prior felony conviction and the sentence imposed and precluding the government from "inquir[ing] into the statutory name of the offense or the facts underlying the conviction . . . ."). And at least one case in this Circuit appears to stand for the proposition that a trial court may also exclude evidence of the length of the sentence when its probative value is outweighed by its prejudicial effect. Giles v. Rhodes, No. 94-cv-6385, 2000 U.S. Dist. LEXIS 13980, at *40-41 (S.D.N.Y. Sept. 26, 2000) (excluding evidence of the length of the sentence imposed for a prior felony conviction, as well as the fact of the conviction itself, as the impeaching party had failed to explain how the length of the sentence had "any impeachment value at all" and the risk for unfair prejudice was great because the term of the sentence was so long that the jury could infer that the witness "must have committed a serious and possibly

violent crime"); see also Giles v. Rhodes ("Giles II"), No. 94-cv-6385, 2000 U.S. Dist. LEXIS 14926, at *3-5 (S.D.N.Y. Oct. 4, 2000) (admitting evidence of the fact that a witness was convicted of a felony and was sentenced to more than one year in prison, but upholding earlier ruling that the details "and circumstances of [the witness's] conviction and length of his sentence [still] pose[d] a danger of unfairly prejudicing the jury . . . and [still] carr[ied] little probative value"); but cf. 4 WEINSTEIN, supra p. 9, at § 609(2) at 609-60.

Before excluding evidence of the statutory name of the crime and/or the length of sentence, however, the district court "must undertake an individualized balancing analysis under Rule 609(a)(1) of probative value versus prejudicial effect. Estrada, 430 F.3d at 616; see, e.g., Giles, 2000 U.S. Dist. LEXIS 13980, at *40; Joe, 2008 U.S. Dist. LEXIS 55036, at *9-10. As demonstrated above, the prejudicial effect of the name and the nature of 2003 convictions, and, most importunately, the fact that Mr. Melino's present civil litigation arose from his 2003 convictions, substantially outweighs their potential probative value of the acts and names of the crimes themselves. The jury will be confused and might consider that Defendants actions were justified based on the name of Mr. Melino's 2003 convictions. At the same time, should the Court feel it necessary to acknowledge that there was a prison term, (and it might as it explains in part Melino's reason for being in Hudson) it should suffice to limit the information to the fact that after conviction for a felony, Melino was sentenced to more than one year in the State's prisons. The facts of this case will in fact tell the jury for just how long he was incarcerated.

Therefore, the Court should exclude evidence of the underlying facts of Mr. Melino's 2003 convictions as their prejudicial effect substantially outweighs their probative value.

### II. EVIDENCE OF MR. MELINO'S 1991 AND 1992 FEDERAL CONVICTIONS SHOULD BE EXCLUDED BECAUSE THERE ARE GREATER THAN 10 YEARS OLD

Rule 609, as amended in 1990, governs the admissibility of criminal convictions for impeachment purposes in civil actions. 4 Weinstein's Federal Evidence § 609.04[3][a], at 609-36 (1997). Rule 609(b), however, erects a time limitation to the admissibility of convictions for impeachment purposes. Criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b).

A prior conviction is not admissible for impeachment if more than ten years have elapsed since the date of conviction or the witness's release from confinement, whichever is later. Fed. R. Evid. 609(b).

For convictions ten years or older, Federal Rule of Evidence 609(b) requires that "the probative value of the [prior] conviction supported by *specific facts and circumstances substantially outweighs* its prejudicial effect" before admitting evidence of the conviction for impeachment purposes. Fed. R. Evid. 609(b) (emphasis added). Trial courts in the Second Circuit must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect" before admitting a conviction under Rule 609(b). Although the factors considered in balancing the evidence's probative value against its prejudicial effect are the same as those considered under Rule 609(a), the heightened standard of Rule 609(b) requires that the evidence has a greater probative value than that required under Rule 609(a). 4 WEINSTEIN, *supra* p. 9, at § 609.06[1] at 609-46 46.3 (The "balancing test [under Rule 609(b)] is . . . more stringent than the test used [under Rule 609(a)(1)] . . ."); see, e.g., Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 434-35(2d Cir. 1993). Accordingly, under Rule 609(b), "convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances," as "convictions over ten

years old generally do not have much probative value." Fed. R. Evid. 609 (b) advisory committee's note; see 4 WEINSTEIN, *supra* p. 9, at § 609.06[1] at pp. 609-46 to 609-46.3.

Here, Defendants intend to use Mr. Melino's convictions that are eighteen years old! The present trial is not a criminal trial, and it is a civil law suit where Mr. Melino is a plaintiff. It will be highly prejudicial towards Mr. Melino to allow Defendants to introduce eighteen year old convictions before the jury. Furthermore, the balance of other factors that should be taken by the Court into consideration while ruling on the present motion is also against allowing Defendants to use eighteen year old convictions. As stated earlier, on most of the factual issues that allegedly prove that Defendants were justified in their acts, Mr. Melino agrees he took the action or wrote the words. Hence introduction of these ancient convictions will only serve to inflame the jury and not be probative of anything at all.

## CONCLUSION

For the foregoing reasons, the court should grant Plaintiff's motion *in limine*.


Respectfully Submitted:

Dated: Melville, New York
       July 26, 2010

>                       By: *S/ Anthony Colleluori*
>                       Attorneys for Plaintiff
>                       Anthony Colleluori, Esq. (ac-9103)
>                       68 South Service Road, Suite 100
>                       Melville,  NY 11747
>                       516-741-3400

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, I electronically filed Plaintiff's Trial Brief and Response to Motion In Limine with the Clerk of the District Court using the CM/ECF system.

The Clerk's office then sent notification of such filing to the following person:

Christopher W. Hall
Assistant Attorney General
Bar Roll No. 506847
The Capitol
Albany, New York 12224
(518) 473-6289

s/ *Anthony J. Colleluori*

Anthony J. Colleluori (ac-9103)