UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH MELINO,

                     Plaintiff,

                                            9:06-CV-1173
v.                                      (GTS/DRH)

WILLIAM TOTTEN, PHILIP ABITABLE,
PAULETTE MILLER; LOYCE DUKE,
FRANCIS CARUSO, PAUL CUSHMAN;
and DEBRA JOY,

                     Defendants.
_____

APPEARANCES:                            OF COUNSEL:

LAW OFFICE OF ANTHONY J. COLLELUORI    ANTHONY J. COLLELUORI, ESQ.
  Counsel for Plaintiff                      DIANE C. PETILLO, ESQ.
180 Froehlich Farm Boulevard
Woodbury, NY 11797

HON. ANDREW M. CUOMO              CHRISTOPHER W. HALL, ESQ.
  Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

## <u>ORDER</u>

Currently before the Court in this prisoner civil rights action, filed by Joseph Melino

("Plaintiff") against the seven above-captioned employees of the New York State Department of

Correctional Services ("Defendants"), is Defendants' motion to quash Plaintiff's trial subpoenas

for Defendants' personal financial information, and Plaintiff's trial subpoenas for two nonparty

witnesses (specifically, Deputy Commissioners Donald Selsky and Israel Rivera).  (Dkt. No. 74.)

After carefully considering the parties' motion papers (Dkt. Nos. 74, 88), and the oral arguments

they made to the Court on August 6, 2010, the Court grants Defendants' motion to the extent it requests the quashing of Plaintiff's trial subpoenas for Defendants' personal financial information.  However, the Court denies the remainder of Defendants' motion as unsupported by a showing of cause based on the current record.[1]

The Court hastens to add that this Order in no way precludes Defendants from making objections at trial that, even if the proffered testimony of Deputy Commissioners Selsky and Rivera is relevant under Fed. R. Evid. 401, the danger of unfair prejudice, confusion of the issues, and/or misleading the jury substantially outweighs the bulk of that testimony under Fed. R. Evid. 403.  Of particular concern to the Court is the extent to which the proffered testimony in question is not based on the witness's personal knowledge, and/or invades the province of the jury as the determiner of ultimate facts.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to quash Plaintiff's trial subpoenas is (Dkt. No. 78) **GRANTED** **in part** and **DENIED** **in part**, as stated above.

Date:    August 10, 2010
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1]       The Court notes that, during the parties' oral argument on August 6, 2010, Plaintiff voluntarily withdrew four other trial subpoenas (specifically, his subpoenas for Deputy Commissioner Richard Roy, Temporary Release Reviewer Rachel Young, Parole Officer Ronald Hotaling, and Parole Officer Robert Mroczek).  As a result, to the extent Defendants' motion to quash regarded those four trial subpoenas, that motion has been rendered moot.